**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAMERON SCOTT,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC.; AIR FORCE FEDERAL CREDIT UNION; THE PENTAGON FEDERAL CREDIT UNION FOUNDATION; BANK OF AMERICA, N.A.; UNIFY FINANCIAL FEDERAL CREDIT UNION d/b/a WESTERN FEDERAL CREDIT UNION,**<br><br>Defendants. | **Case No.:** 8:17-cv-00640<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;**<br><br>**2.) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.;**<br><br>**3.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**                                                   PAGE 1 OF 21

## INTRODUCTION

1. The United States Congress enacted the Fair Credit Reporting Act ("FCRA") to ensure fair and accurate credit reporting, promote efficiency, and protect consumers' privacy. "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

2. Plaintiff, KAMERON SCOTT, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, EQUIFAX INFORMATION SERVICES, LLC., ("EQUIFAX"), AIR FORCE FEDERAL CREDIT UNION, ("AIR FORCE"), THE PENTAGON FEDERAL CREDIT UNION FOUNDATION, ("PENTAGON"), BANK OF AMERICA, N.A., ("BANK OF AMERICA"), and UNIFY FINANCIAL FEDERAL CREDIT UNION d/b/a WESTERN FEDERAL CREDIT UNION, ("UNIFY"), (collectively as "Defendants"), regarding Defendants' failure to maintain reasonable procedures to assure maximum possible accuracy of information contained in a consumer's credit report, and Defendants' furnishing of inaccurate information to credit reporting agencies.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorney.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

///

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

6. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

7. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

8. At all times relevant, Plaintiff was an individual residing within the State of California.

9. Any correspondence from Defendants was sent to Plaintiff at an address located within the State of California.

## JURISDICTION AND VENUE

10. This action arises out of Defendants' violations of: (i) The Fair Credit Reporting Act, ("FCRA") 15 § U.S.C. § 1681, *et seq.*, (ii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq.*, and (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*

11. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367 for supplemental state law claims.

12. The Court has personal jurisdiction over Defendants as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

13. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Orange, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

14. Plaintiff, KAMERON SCOTT, ("Plaintiff") is a natural person who resides in the City of Irvine, County of Orange, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

15. Defendant, EQUIFAX INFORMATION SERIVCES, LLC., ("EQUIFAX") is an Georgia limited liability company.

16. EQUIFAX regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17. Defendant, AIR FORCE FEDERAL CREDIT UNION, ("AIR FORCE") is a Federal Credit Union, headquartered in San Antonio, Texas, that regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

18. AIR FORCE regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about AIR FORCE's transactions or experiences with consumers and therefore is regulated as a "furnisher" under 15 U.S.C. §1681s-2(a) and Cal. Civ. Code § 1785.25, *et seq*.

19. Because AIR FORCE is a partnership, corporation, association, or other entity, and are therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting

agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

20. Defendant, THE PENTAGON FEDERAL CREDIT UNION FOUNDATION, ("PENTAGON") is a Virginia corporation headquartered in Alexandria, Virginia, that regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

21. PENTAGON regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about PENTAGON's transactions or experiences with consumers and therefore is regulated as a "furnisher" under 15 U.S.C. §1681s-2(a) and Cal. Civ. Code § 1785.25, *et seq.*

22. Because PENTAGON is a partnership, corporation, association, or other entity, and are therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

23. Defendant, BANK OF AMERICA, N.A., ("BANK OF AMERICA") is a United States Foreign Stock National Association, that regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

24. BANK OF AMERICA regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about

BANK OF AMERICA's transactions or experiences with consumers and therefore is regulated as a "furnisher" under 15 U.S.C. §1681s-2(a) and Cal. Civ. Code § 1785.25, *et seq.*

25. Because BANK OF AMERICA is a partnership, corporation, association, or other entity, and are therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

26. Defendant UNIFY FINANCIAL FEDERAL CREDIT UNION d/b/a WESTERN FEDERAL CREDIT UNION, ("UNIFY"), is a Federal Credit Union, headquartered in Los Angeles, California, that regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

27. UNIFY regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about UNIFY's transactions or experiences with consumers and therefore is regulated as a "furnisher" under 15 U.S.C. §1681s-2(a) and Cal. Civ. Code § 1785.25, *et seq.*

28. Because UNIFY is a partnership, corporation, association, or other entity, and are therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

29. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity and denial of credit.

30. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing, from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## GENERAL FACTUAL ALLEGATIONS

31. On or about November 15, 2016, Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California in order to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 16-14699-TA, (the "Bankruptcy").

32. On November 17, 2016, a Bankruptcy Notice Certificate ("BNC") was sent to all of Plaintiff's creditors, advising them of the Bankruptcy.

33. On February 21, 2017, Plaintiff was granted a Bankruptcy discharge.

34. On February 23, 2017, a second BNC was sent to all of Plaintiff's creditors advising them of the Bankruptcy discharge.

35. None of Plaintiff's creditors in the Bankruptcy filed any proceedings to declare their debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

36. Accordingly, all debts at issue in this action were included and discharged through the Bankruptcy.

37. However, AIR FORCE, PENTAGON, BANK OF AMERICA, and UNIFY have continued to report balances for debts that were discharged through the Bankruptcy.

## AIR FORCE'S VIOLATION OF
## CAL. CIV. CODE § 1785.25, *ET SEQ.* AND 15 U.S.C. § 1681, *ET SEQ.*

38. On or about November 17, 2016, AIR FORCE received a BNC notice advising them that Plaintiff had filed Bankruptcy.

///

---

39. On or about February 23, 2017, AIR FORCE received a second BNC notice advising them that Plaintiff's Air Force Debts Account Nos. 2656-x, and 1000-x (the "Air Force Debt(s)") had been discharged in their entirety.

40. However, AIR FORCE continued to report the Air Force Debts to credit reporting agencies. Specifically, on March 31, 2017, AIR FORCE reported Account No. 2656-x with a balance of $8,624, and Account No. 1000-x with a balance of $181.

41. This information is incomplete and/or inaccurate as the Air Force Debts were discharged in their entirety and Plaintiff no longer owes the debts.

42. AIR FORCE knew or should have known that the Air Force Debts had been discharged and the derogatory information they were reporting was inaccurate and/or incomplete as they received BNC notices specifically advising them of the Bankruptcy and the discharge of the Air Force Debts.

43. By reporting Plaintiff's accounts with a balance after receiving notice of Plaintiff's Bankruptcy discharge, AIR FORCE inaccurately reported debts that had been discharged in Bankruptcy, and therefore AIR FORCE violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that it knew or should have known was incomplete and/or inaccurate.

44. Through this conduct, AIR FORCE also violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code §

1788.17; thus, AIR FORCE also violated Cal. Civ. Code § 1788.17.

45. On February 22, 2017, Plaintiff filed a credit dispute with EQUIFAX to dispute Account Nos. 2656-x and 1000-x and attached a copy of his Bankruptcy Petition and Discharge Order.

46. On March 21, 2017, EQUIFAX updated Account Nos. 2656-x to reflect a zero balance, with a status of "Discharged in Bankruptcy".

47. However, after the Air Force Debt Account No. 2656-x had be changed to reflect a zero balance, the Account No. 2656-x was re-reported by AIR FORCE on March 31, 2017 with a balance of $8,624.

48. AIRFORCE incorrectly and erroneously verified Account No. 1000-x even though it had been discharged through Bankruptcy and was no longer due and owing by Plaintiff.

49. Though this conduct, AIR FORCE violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.SC. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.SC. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer that is found to be inaccurate or incomplete or cannot be verified after any reinvestigation.

## BANK OF AMERICA'S VIOLATION OF
## CAL. CIV. CODE § 1785.25, *ET SEQ.* AND 15 U.S.C. § 1681, *ET SEQ.*

50. On or about November 17, 2016, BANK OF AMERICA received a BNC notice advising them that Plaintiff had filed Bankruptcy.

51. On or about February 23, 2017, BANK OF AMERICA received a second

BNC notice advising them that Plaintiff's Bank of America debt Account No. 4400-x (the "Bank of America Debt") had been discharged in its entirety.

52. However, BANK OF AMERICA continued to report the Bank of America Debt to credit reporting agencies as follows: (i) on February 24, 2017, BANK OF AMERICA reported the Debt with a balance of $7,607; (ii) on March 17, 2017, BANK OF AMERICA reported the Debt with a balance of $7,607; (iii) on March 22, 2017, BANK OF AMERICA reported the Debt with a balance of $7,607.

53. This information is incomplete and/or inaccurate as the Bank of America Debt was discharged in its entirety and Plaintiff no longer owes the debt.

54. BANK OF AMERICA knew or should have known that the Bank of America Debt had been discharged and the derogatory information they were reporting was inaccurate and/or incomplete as they received BNC notices specifically advising them of the Bankruptcy and the discharge of the Bank of America Debt.

55. By reporting Plaintiff's account with a "Balance" after receiving notice of Plaintiff's Bankruptcy discharge, BANK OF AMERICA inaccurately reported a debt that had been discharged in Bankruptcy, and therefore BANK OF AMERICA violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that it knew or should have known was incomplete and/or inaccurate.

56. Through this conduct, BANK OF AMERICA also violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using

false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BANK OF AMERICA also violated Cal. Civ. Code § 1788.17.

57. On February 22, 2017, Plaintiff filed a credit dispute with EQUIFAX to dispute the Bank of America Debt and attached a copy of his Bankruptcy Petition and Discharge Order.

58. On March 1, 2017, EQUIFAX updated Account No. 4400-x to reflect a zero balance, with a status of "Discharged in Bankruptcy".

59. However, after the Bank of America Debt had be changed to reflect a zero balance, it was re-reported by BANK OF AMERICA on March 22, 2017 with a balance of $7,607.

60. Though this conduct, BANK OF AMERICA violated: (i) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer that is found to be inaccurate or incomplete or cannot be verified after any reinvestigation.

## UNIFY'S VIOLATION OF
## CAL. CIV. CODE § 1785.25, *ET SEQ.* AND 15 U.S.C. § 1681, *ET SEQ.*

61. On or about November 17, 2016, UNIFY received a BNC notice advising them that Plaintiff had filed Bankruptcy.

62. On or about February 23, 2017, UNIFY received a second BNC notice advising them that Plaintiff's Western Federal Credit Union, ("Western FCU") Debt Account No. 3395-x (the "Western FCU Debt") had been discharged in its entirety.

63. However, UNIFY continued to report the Western FCU Debt to credit reporting agencies as follows: (i) on February 24, 2017, UNIFY reported the Debt with a balance of $231; (ii) on March 21, 2017, UNIFY reported the Debt with a balance of $231; (iii) on March 22, 2017, UNIFY reported the Debt with a balance of $231.

64. This information is incomplete and/or inaccurate as the Western FCU Debt was discharged in its entirety and Plaintiff no longer owes the debt.

65. UNIFY knew or should have known that the Western FCU Debt had been discharged and the derogatory information they were reporting was inaccurate and/or incomplete as they received BNC notices specifically advising them of the Bankruptcy and the discharge of the Western FCU Debt.

66. By reporting Plaintiff's account with a "Balance" after receiving notice of Plaintiff's Bankruptcy discharge, UNIFY inaccurately reported a debt that had been discharged in Bankruptcy, and therefore UNIFY violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that it knew or should have known was incomplete and/or inaccurate.

67. Through this conduct, UNIFY also violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, UNIFY also violated Cal. Civ. Code § 1788.17.

68. On February 22, 2017, Plaintiff filed a credit dispute with EQUIFAX to dispute the Western FCU Debt and attached a copy of his Bankruptcy Petition and Discharge Order.

69. On March 21, 2017, EQUIFAX updated Account No. 3395-x to reflect a zero balance, with a status of "Discharged in Bankruptcy".

///

///

70. However, after the Western FCU Debt account had be changed to a zero balance, it was re-reported by UNIFY on March 22, 2017 and April 1, 2017, with a balance of $231.

71. Though this conduct, UNIFY violated: (i) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer that is found to be inaccurate or incomplete or cannot be verified after any reinvestigation.

**PENTAGON'S VIOLATION OF**

**CAL. CIV. CODE § 1785.25, *ET SEQ.* AND 15 U.S.C. § 1681, *ET SEQ.***

72. On or about November 17, 2016, PENTAGON received a BNC notice advising them that Plaintiff had filed Bankruptcy.

73. On or about February 23, 2017, PENTAGON received a second BNC notice advising them that Plaintiff's Pentagon Debt Account No. 4306-x (the "Pentagon Debt") had been discharged in its entirety.

74. However, PENTAGON continued to report the Pentagon Debt to credit reporting agencies on April 2, 2017, with a balance of $9,053.

75. This information is incomplete and/or inaccurate as the Pentagon Debt was discharged in its entirety and Plaintiff no longer owes the debt.

76. PENTAGON knew or should have known that the Pentagon Debt had been discharged and the derogatory information they were reporting was inaccurate and/or incomplete as they received BNC notices specifically advising them of the Bankruptcy and the discharge of the Pentagon Debt.

77. By reporting Plaintiff's account with a "Balance" after receiving notice of Plaintiff's Bankruptcy discharge, PENTAGON inaccurately reported a debt that had been discharged in Bankruptcy, and therefore PENTAGON violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that it knew or should have known was incomplete and/or inaccurate.

78. Through this conduct, PENTAGON also violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, PENTAGON also violated Cal. Civ. Code § 1788.17.

79. On February 22, 2017, Plaintiff filed a credit dispute with EQUIFAX to dispute the Pentagon Debt and attached a copy of his Bankruptcy Petition and Discharge Order.

80. On March 21, 2017, EQUIFAX updated Account No. 4306-x to reflect a zero balance, with a status of "Discharged in Bankruptcy".

81. However, after the Pentagon Debt account had be changed to a zero balance, it was re-reported by PENTAGON on April 2, 2017, with a balance of $9,053.

82. Though this conduct, PENTAGON violated: (i) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer that is found to be inaccurate or incomplete or cannot be verified after any reinvestigation.

### EQUIFAX'S VIOLATION OF
### 15 U.S.C. § 1681, *ET SEQ.*

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

///

///

84. As a result of a major class action settlement, Defendant, EQUIFAX, has agreed to treat all pre-bankruptcy debt reporting as discharged, unless furnishers provide information showing that a debt was excludable from the discharge.[1]

85. EQUIFAX received notice of Plaintiff's Bankruptcy prior to the violations stated herein.

86. On February 22, 2017, Plaintiff filed a credit dispute with EQUIFAX and attached a copy of his Bankruptcy Petition and Discharge Order.

87. On March 21, 2017, EQUIFAX notified Plaintiff that it had "researched" the Air Force Debt Account No. 1000-x, and stated the following:

> *The results are:* This creditor has verified to OUR company that the current status is being reported correctly.

88. EQUIFAX failed to conduct any investigation in response to Plaintiff's Air Force Debt Account No. 1000-x dispute. Instead, EQUIFAX simply affirmed the inaccurate information that AIR FORCE reported.

89. Through this conduct, EQUIFAX violated: (i) 15 U.S.C §1681i by failing to conduct a reasonable reinvestigation with respect to the Plaintiff's credit dispute.

90. On March 21, 2017, EQUIFAX notified Plaintiff that it had updated Plaintiff's Bank of America Debt Account No. 4400-x, Western FCU Debt Account No. 3395-x, Air Force Debt Account No. 2656-x, and the Pentagon Debt Account No. 4306-x, to reflect zero balances, with a status of "Discharged in Bankruptcy".

///

///

---

[1] *White v. Experian Info Solutions, Inc.,* Case No. CV 05-01070 (C.D. Cal. Aug. 19, 2008).

91. By April 6, 2017, and through the date of this action, EQUIFAX repeatedly reinstated Plaintiff's Debts that not only had been discharged through Bankruptcy, but also had been updated by EQUIFAX after its purported investigation.

92. EQUIFAX reinserted Plaintiff's Bank of America Debt Account No. 4400-x, Western FCU Debt Account No. 3395-x, Air Force Debt Account No. 2656-x, and the Pentagon Debt Account No. 4306-x, into Plaintiff's consumer credit reports.  Specifically, EQUIFAX reinserted and subsequently reported Plaintiff's discharged accounts as follows:

| Creditor | Account No. | Dates Reported | Balance Reported |
|---|---|---|---|
| Bank of America | 4400-x | March 22, 2017 | $7,606 |
| Bank of America | 4400-x | March 24, 2017 | $7,606 |
| Bank of America | 4400-x | March 25, 2017 | $7,606 |
| Bank of America | 4400-x | March 30, 2017 | $7,606 |
| Bank of America | 4400-x | April 4, 2017 | $7,606 |
| Air Force | 2656-x | April 4, 2017 | $8,624 |
| Air Force | 2656-x | April 5, 2017 | $8,624 |
| Air Force | 2656-x | April 6, 2016 | $8,624 |
| Pentagon | 4306-x | April 4, 2017 | $9,053 |
| Pentagon | 4306-x | April 5, 2017 | $9,053 |
| Pentagon | 4306-x | April 6, 2017 | $9,053 |
| Unify | 3395-x | March 22, 2017 | $231 |
| Unify | 3395-x | March 24, 2017 | $231 |
| Unify | 3395-x | March 25, 2017 | $231 |
| Unify | 3395-x | March 30, 2017 | $231 |
| Unify | 3395-x | April 4, 2017 | $231 |
| Unify | 3395-x | April 5, 2017 | $231 |
| Unify | 3395-x | April 6, 2017 | $231 |

///

///

93. Through this conduct, EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report.

94. EQUIFAX allowed reinsertion of previously deleted information after it purportedly reinvestigated and verified with the furnishers that the information was inaccurate and incomplete.

95. Through this conduct, EQUIFAX violated: (i) 15 U.S.C. § 1681i(a)(5)(B)(i) by reinserting inaccurate or incomplete information after a reinvestigation of information disputed by a consumer; (ii) 15 U.S.C. § 1681i(a)(5)(B)(ii) by failing to provide written notice to Plaintiff of information to be reinserted; (iii) 15 U.S.C. § 1681i(a)(5)(B)(iii)(I) by failing to provide Plaintiff with a written statement, after reinsertion, that the disputed information has been reinserted; (iv) 15 U.S.C. § 1681i(a)(5)(B)(iii)(II) by failing to provide Plaintiff with a written statement, after reinsertion, of the business name, address, and phone number, of any furnisher of information contacted or of any furnisher of information that contacted the consumer reporting agency in connection with the reinsertion; and (v) 15 U.S.C. § 1681i(a)(5)(B)(iii)(III) by failing to provide Plaintiff with a statement after reinsertion, of the consumer's right to add a statement to the consumer's file disputing the accuracy or completeness of the information.

96. The forgoing instances of Defendants reporting false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's attempt for a "fresh start" with respect to his credit. As a result of Defendants' conduct, Plaintiff has been denied credit and has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and

suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

### FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.
### [AGAINST ALL DEFENDANTS]

97.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98.  The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq.*

99.  As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.
### [AGAINST ALL DEFENDANTS]

100. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

101. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq.*

///

102. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

### THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

### [AGAINST BANK OF AMERICA, AIR FORCE, PENTAGON, AND UNIFY]

103. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

104. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

105. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

106. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

### FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.

### [AGAINST BANK OF AMERICA, AIR FORCE, PENTAGON, AND UNIFY]

107. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

108. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

109. In the regular course of its business operations, Defendants routinely furnish information to consumer credit reporting agencies pertaining to transactions

between Defendants and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

110. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

111. Because Defendants are a partnership, corporation, association, or other entity, and are therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendants know or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

112. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity and denial of credit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendants' willful violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C.

1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendants' negligent violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);

- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful credit reporting practices stated herein; and

- Any and all other relief that this Court deems just and proper.


Dated: April 7, 2017                          Respectfully submitted,


                                              **SINNETT LAW, APC.**


                                              BY: /S/ WAYNE A. SINNETT
                                              WAYNE A. SINNETT, ESQ.
                                              ATTORNEY FOR PLAINTIFF

### TRIAL BY JURY

113.   Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 7, 2017                                   Respectfully submitted,

                                                                  **SINNETT LAW, APC.**

                                                                  BY: /s/ WAYNE A. SINNETT
                                                                  WAYNE A. SINNETT, ESQ.
                                                                  ATTORNEY FOR PLAINTIFF